RORY KARL WEST, Plaintiff

v.

MATA UTU WEST, Defendant

High Court of American Samoa
Trial Division

DR No. 28-87

July 28, 1987

Before KRUSE, Associate Justice, TAUANU'U, Chief Associate Judge, and OLO, Associate Judge.

Counsel: For Plaintiff, William Reardon

Petitioner seeks a decree of divorce dissolving his marriage to the respondent on the grounds of "habitual cruelty and ill usage" under A.S.C.A § 42.0202. Petitioner appeared with counsel while respondent did not. Respondent has filed with the Clerk a document acknowledging service of the Summons and Complaint, stipulating to default judgment, and waiving any right to contest the action.

Petitioner testified that he and his wife have been separated since 1986 with the parties agreeing to go their own separate ways. For some time prior to the separation, the marital partnership had, for all intents and purposes, broken down. The reality with the parties is that they have strayed from each other with differences arising in wants, interests and social pursuits. There has been no social interaction as a family for some time; however, petitioner was quite candid in stating his reluctance to point the blame on anyone. Rather, he has viewed the degeneration of the marriage as being attributable to the parties' environment and

-88-

social surroundings and in this regard, petitioner feels it would be unfair to assign fault to anyone. Both parties accept that with their general situation as it is, it would be intolerable for both of them to persist with the status quo.

Notwithstanding the apparent incompatibility which seems to have arisen between the parties, and notwithstanding their agreement to seek a divorce, it is the opinion of the court that no grounds have been established upon which a divorce decree may issue under the laws as existing in American Samoa.

The territorial statutes (A.S.C.A. §§ 42.0201-08) reflect "fault-based" divorce as opposed to the "no fault" concept used in many other jurisdictions which recognize "incompatibility" or "irreconcilable differences" as grounds to dissolve a marriage. Ah Mu v. Ah Mu, CA No. 3073-75 (1975); Lea'e v. Lea'e, 3 A.S.R.2d 51 (1986). The only "no fault" based situation provided in American Samoa is continuous and voluntary separation for an extended period of five years. See A.S.C.A. § 42.0202(5).

It is the province of the Fono, and not of the Court, to decide between "fault-based" and "no fault-based" divorce. Ah Mu v. Ah Mu, supra. Irrespective of the awareness that for all practical intents and purposes a marriage may have broken down, and that continuance of the marriage may have a more negative effect on the parties than its termination, our duty is quite clear with the unambiguous enactment. As this court observed in Wray v. Wray, 5 A.S.R.2d ____ (1987), a recent legislative review opportunity resulted in the Fono turning down a bill proposing to reduce the voluntary separation period, above-mentioned, from five years to two years. Legislative policy in American Samoa on "no fault" divorce is thus made very clear.

Even though respondent has agreed not to contest the proceedings, this Court is obligated to "examine all parties and witnesses, and . . . take all evidence," and must dismiss the petition if the allegations thereunder have not been proven. A.S.C.A. §§ 42.0205-06; Chun v. Chun, 3 A.S.R.2d 23 (1986). See also T.C.R.C.P. Rule 55(e).

On the foregoing, the petition is dismissed.